W. R. HALLIBURTON *v.* M. A. JACKSON.

PRACTICE. *Lost justices' warrant. How supplied.* When an original justices' warrant has been lost or destroyed, the circuit court cannot condemn law until the warrant is supplied; and this cannot be done by the justice certifying to a copy of the original warrant.

FROM LAUDERDALE.

Appeal in error from the Circuit Court of Lauderdale county. T. J. FLIPPIN, J.

STEELE & STEELE for Halliburton.

G. C. PORTER for Jackson.

Halliburton *v.* Jackson.

DEADERICK, C. J., delivered the opinion of the court

Jackson procured a judgment of condemnation and sale of Halliburton's land, from which the latter has prosecuted a writ of error.

The papers which were returned into the circuit court of Lauderdale county, by a justice of the peace of said county, consisted of his, the justice's, *certificate* of the loss of the original warrant or summons, together with what purported to be a copy of said summons or warrant, the return of the officer thereon, and the judgment of the justice thereon; also a certificate that the note on which the suit was brought had been lost or mislaid, and a copy thereof made by said justice. These, with the execution issued by him, and the return of the officer thereon, constituted the papers on which the judgment of condemnation of land, levied on by the constable, was ordered by the circuit court.

When an execution issued by a justice is levied upon real estate, the officer making the levy should return the execution to the justice, properly setting out his levy, and the justice should return the original papers to the circuit court at its next term thereafter. There the justice's warrant and officer's return thereon, the judgment, execution, levy, etc., is entered upon the minutes of the circuit court, and judgment of condemnation is entered: Code, secs. 3080, 3081 and 3082.

It will be observed that the justice is required to send up the original papers before him. But in cases of destruction, by fire, or otherwise, of the "docket

book and original papers" belonging to the office of any justice of the peace, section 3070 *a* of the Code prescribes the manner of supplying the lost paper. The justice is required to make oath to the destruction, then the plaintiff, or his agent or attorney, shall also make affidavit of the papers lost, as near as may be. So section 3901 directs an affidavit by some one acquainted with the facts, in order to supply any lost instrument. And section 3907 requires that the *best evidence* the nature of the case will admit of, should be given, in order to supply any record, proceeding, or paper in an action at law or equity.

These several sections require something more than a mere certificate of the custodian of a paper, to establish its loss. The facts stated should be under oath.

In this view, the papers sent up by the justice to the circuit court, were not those required by law, and did not authorize that court to render judgment of condemnation and sale of the land.

The judgment must, therefore, be reversed, and judgment rendered here against plaintiff for costs of this court and court below.